UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:12-00068 |
| | ) | JUDGE CAMPBELL |
| | ) | |
| RUSSELL JAMES WARREN | ) | |

ORDER

Pending before the Court is the Defendant Russell James Warren's Motion For Early Termination Of His Supervised Release (Docket No. 7). Through the Motion, the Defendant requests that the Court terminate the remainder of his term of supervised release, or in the alternative, strike the supervised release condition restricting internet access. The Government has filed a Response (Docket No. 14) in opposition.

Subsection 18 U.S.C. § 3583(e)(1) permits the termination of supervised release after one year if a Defendant's conduct warrants such a termination:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) --
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

Section 3553(a) requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release.[1] See United States v.

---

[1] The Section 3553 factors referred to in Subsection 3583(e)(1) include: the nature and

Lussier, 104 F.3d 32, 35 (2nd Cir. 1997).

The Defendant pled guilty to possession of child pornography in the Western District of Tennessee on August 10, 2006. (Docket No. 3-2, at p. 1). According to the Presentence Investigation Report, the Defendant's advisory guideline range was 87-108 months of imprisonment. (Docket No. 2, at ¶ 60). District Judge Bernice B. Donald sentenced the Defendant to 60 months of imprisonment, and ten years of supervised release. (Docket No. 3-2, at p. 2-3). One of the conditions of supervised release she imposed provides:

> The defendant shall not possess, or use, a computer with access to any 'on-line computer service' at any location (including employment) without prior approval of the Probation Officer. This includes any Internet Service provider, bulletin board system or any other public or private network or e-mail system.

(Id., at p 4).

The Defendant began his term of supervised release on November 23, 2011. (Docket No. 1). Jurisdiction was transferred to this Court on April 13, 2012. (Id.)

The Defendant argues that termination is warranted because he has been compliant with the terms of supervision, has been a helpful and generous neighbor and friend, and has completed numerous pieces of artwork on display locally. The Defendant has attached to his Motion a photograph of his artwork on display at a local bank, letter from his neighbor, and a letter from a lifelong friend describing his generosity and helpfulness.

---

circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct; protection of the public from further crimes of the defendant; the most effective manner for providing the defendant with needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and the sentencing range established under the Sentencing Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

In its Response, the Government opposes early termination based on the nature and seriousness of the Defendant's child pornography offense, his completion of only 47% of his supervised release term, and the absence of exceptional circumstances. The Government also points out that the Defendant was sentenced below the guideline range, and that Judge Donald may have imposed the ten-year period of supervised release to compensate for the below-guideline sentence.

Having considered the factors set forth in Section 3553, the Court concludes that the interest of justice does not warrant early termination of supervised release at this time. Although the Defendant's compliance with his supervised release conditions is commendable, the nature and circumstances of the offense, the relatively short percentage of the supervision term he has completed, and the need for continued rehabilitation to protect the public, lead the Court to conclude that the Defendant should remain on supervised release at this time. Accordingly, the Defendant's request for early termination of supervised release is DENIED.

With respect to the Defendant's request to strike the term of supervision restricting his access to the internet without prior approval from the Probation Office, the Defendant contends that internet access would allow him to maintain contact with friends from high school. He relies on decisions from the Eighth Circuit in which conditions restricting internet access have been struck down as too broad. United States v. Wiedower, 634 F.3d 490 (8th Cir. 2011); United States v. Crume, 422 F.3d 728 (8th Cir. 2005).

In its Response, the Government argues that internet access played an integral part in the Defendant's criminal conduct as he accessed child pornography through internet websites, and stored the images on computer devices. The Government also points out that the restriction in this case does not impose an absolute ban, but rather requires prior approval from the Probation Office

to allow internet access. The Government represents that the Defendant has not sought permission from the Probation Office for such use. The Government further represents that the Probation Office does not have software to monitor the Defendant's computer should the Court grant him internet access. The Government also notes that the Defendant has not articulated any educational or work-related activity for which he requires internet access.

The Court concludes that the condition limiting the Defendant's internet access without prior approval is reasonably related to the need to afford adequate deterrence, and to protect the public. See United States v. Lantz, 443 Fed. Appx. 135 (6th Cir. Nov. 22, 2011); United States v. Dotson, 715 F.3d 576 (6th Cir. 2013); United States v. Wright, 529 Fed. Appx. 553 (6th Cir. June 28, 2013). The condition is not overly broad because it permits internet access with prior approval from the Probation Office. The Court notes that the Defendant has not sought such prior permission, and that the need for access articulated in the Motion – maintaining contact with friends – is not compelling, nor does it indicate that the restriction is interfering with pursuit of employment, education or other legitimate pursuit. Accordingly, the Defendant's request to strike the condition limiting internet access is DENIED.

It is so ORDERED.

                                                           _____
                                                           TODD J. CAMPBELL
                                                           UNITED STATES DISTRICT JUDGE